UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -x
                                       :
UNITED STATES OF AMERICA                :
                                       :
              - v. -                    :
                                       :  S4 07 Cr. 387 (CM)
RAFAEL RODRIGUEZ,                       :
     a/k/a "Dance,"                     :
ANGEL DIAZ,                             :
     a/k/a "Pete,"                      :
VICTOR DIAZ,                            :
     a/k/a "Gago," and                  :
JORGE CEDENO,                           :
     a/k/a "Miguel,"                    :
                                       :
                   Defendants.          :
- - - - - - - - - - - - - - - - - - - -x


GOVERNMENT'S REQUESTS TO CHARGE


                         MICHAEL J. GARCIA
                         United States Attorney for the
                         Southern District of New York
                         Attorney for the United States
                             of America

NOLA B. HELLER
MICHAEL A. LEVY
Assistant United States Attorneys
     - Of Counsel -

## TABLE OF CONTENTS

**Request No.    Description**                                          **Page**

1.  General Requests . . . . . . . . . . . . . . . . . . . . 5

2.  The Indictment . . . . . . . . . . . . . . . . . . . . . 6

3.  Summary Of Indictment. . . . . . . . . . . . . . . . . . 7

4.  Count One: Kidnapping Conspiracy . . . . . . . . . . . .10

5.  Count One: Kidnapping Conspiracy:
    Elements of Conspiracy . . . . . . . . . . . . . . . . .12

6.  Count One: Kidnapping Conspiracy:
    First Element – Existence of the Conspiracy. . . . . . .14

7.  Count One: Kidnapping Conspiracy:
    Second Element: Membership in the Conspiracy . . . . . .18

8.  Count One: Kidnapping Conspiracy:
    Third Element: Overt Act . . . . . . . . . . . . . . . .23

9.  Counts Two and Three: Kidnapping
    Elements of Kidnapping . . . . . . . . . . . . . . . . .25

10. Counts Two and Three: Kidnapping
    First Element – Seize, Confine, or Kidnap . . . . . . .27

11. Counts Two and Three: Kidnapping
    Second Element – Ransom, Reward, or Otherwise. . . . . .28

12. Counts Two and Three: Kidnapping
    Third Element – Transportation in Interstate Commerce. . .29

13. Counts Two and Three: Kidnapping
    Fourth Element – "Unlawfully," "Knowingly,"
    and "Willfully". . . . . . . . . . . . . . . . . . . . .31

14. Counts Two and Three: Aiding and Abetting Liability. . . .32

15. Count Four:  Robbery Conspiracy. . . . . . . . . . . . .35

16. Count Four:  Robbery Conspiracy:
    Elements of Conspiracy . . . . . . . . . . . . . . . . .36

17. Count Four:  Robbery Conspiracy:
    First Element – Existence of the Conspiracy. . . . . . .38

1

18. Count Four: Robbery Conspiracy:
    Second Element – Membership in the Conspiracy. . . . . . .40

19. Counts Five and Six:  Hobbs Act Robbery
    Purpose of Statute . . . . . . . . . . . . . . . . . . .41

20. Counts Five and Six:  Hobbs Act Robbery:
    Elements of the Offense. . . . . . . . . . . . . . . . .43

21. Counts Five and Six: Hobbs Act Robbery:
    First Element - Personal Property. . . . . . . . . . . .45

22. Counts Five and Six:  Hobbs Act Robbery:  Second Element –
    Taking by Actual or Threatened Force, Violence or Fear . .46

23. Counts Five and Six:  Hobbs Act Robbery:
    Third Element – Interference with Commerce . . . . . . .48

24. Counts Seven and Eight:  Firearms Offenses Under Section
    924(c):The Indictment and the Statute. . . . . . . . . . 51

25. Counts Seven and Eight:
    Firearms Offenses Under Section 924(c): Elements. . . . . 53

26. Counts Seven and Eight:
    Firearms Offenses under Section 924(c):
    First Element - "Using," "Carrying," or "Possessing". . . 54

27. Counts Seven and Eight:  Firearms Offenses Under Section
    924(c): Second Element - During and in Relation to a Crime
    of Violence . . . . . . . . . . . . . . . . . . . . . . 59

28. Counts Seven and Eight:  Firearms Offenses Under Section
    924(c): Third Element - "Unlawfully," "Willfully," and
    "Knowingly" . . . . . . . . . . . . . . . . . . . . . . 60

29. Counts Seven and Eight: Firearms Offenses Under Section
    924(c): Brandishing . . . . . . . . . . . . . . . . . . 61

30. Guilt of Substantive Offense – *Pinkerton* Liability. . . 62

31. Conscious Avoidance . . . . . . . . . . . . . . . . . . 66

32. Variance in Dates . . . . . . . . . . . . . . . . . . . 68

33. Stipulations. . . . . . . . . . . . . . . . . . . . . . 69

34. Defendant's Testimony . . . . . . . . . . . . . . . . . 70

35. Defendant's Right Not To Testify. . . . . . . . . . . . 71

36. Particular Investigative Techniques Not Required. . . . . 72

37.  Uncalled Witnesses - Equally Available to Both Sides. . . 73

38.  Expert Testimony. . . . . . . . . . . . . . . . . . . . 74

39.  Accomplice Testimony. . . . . . . . . . . . . . . . . . 76

40.  Accomplice Testimony - Guilty Plea. . . . . . . . . . . 79

41.  Preparation of Witnesses. . . . . . . . . . . . . . . . 80

42.  Use of Evidence Obtained Pursuant to Searches . . . . . 81

43.  Law Enforcement Witnesses . . . . . . . . . . . . . . . 82

44.  Redaction of Evidentiary Items. . . . . . . . . . . . . 83

45.  Use of Charts and Tables. . . . . . . . . . . . . . . . 84

46.  Character Witnesses . . . . . . . . . . . . . . . . . . 85

47.  Similar Acts. . . . . . . . . . . . . . . . . . . . . . 86

48.  Persons Not on Trial. . . . . . . . . . . . . . . . . . 88

49.  Venue . . . . . . . . . . . . . . . . . . . . . . . . . 89

50.  Punishment . . . . . . . . . . . . . . . . . . . . . . 90

51.  Conclusion. . . . . . . . . . . . . . . . . . . . . . . 91

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x
                                     :
UNITED STATES OF AMERICA             :
                                     :
            - v. -                   :
                                     :  S4 07 Cr. 387 (CM)
RAFAEL RODRIGUEZ,                    :
      a/k/a "Dance,"                 :
ANGEL DIAZ,                          :
      a/k/a "Pete,"                  :
VICTOR DIAZ,                         :
      a/k/a "Gago," and             :
JORGE CEDENO,                        :
      a/k/a "Miguel,"               :
                                     :
                  Defendants.        :
- - - - - - - - - - - - - - - - - - -x
```

<u>GOVERNMENT'S REQUESTS TO CHARGE</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

<u>REQUEST NO. 1</u>

<u>General Requests</u>

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.  Function of Court and Jury.

b.  Indictment Not Evidence.

c.  Statements Of Court and Counsel Not Evidence.

d.  Burden of Proof And Presumption of Innocence.

e.  Reasonable Doubt.

f.  Government Treated Like Any Other Party.

g.  Definitions, Explanations, And Example of Direct and Circumstantial Evidence.

h.  Inferences.

i.  Credibility of Witnesses.

j.  Right to See Exhibits and Have Testimony Read During Deliberations.

k.  Sympathy:  Oath Of Jurors.

l.  Verdict of Guilt or Innocence Must Be Unanimous.

REQUEST NO. 2

The Indictment

The defendants, RAFAEL RODRIGUEZ, ANGEL DIAZ, VICTOR DIAZ, AND JORGE CEDENO, are formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation. It is not evidence. Before you begin your deliberations, you will be provided with a copy of the Indictment. I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

REQUEST NO. 3

Summary Of Indictment

The Indictment contains a total of eight counts, or charges. Several of the counts in the Indictment charge the defendants with committing the crime of conspiracy. A conspiracy is an illegal agreement between two or more people to engage in a particular crime. The conspiracy – or agreement – to commit a crime is a separate offense from the actual commission of that crime, which the law calls a "substantive" offense. I will explain the elements of all of the crimes charged in the Indictment in a moment. For now, I will simply outline the particular conspiracy counts and substantive counts contained in the Indictment.

Count One charges that from in or about September 2006 through in or about January 2007, RODRIGUEZ, ANGEL DIAZ, VICTOR DIAZ, JORGE CEDENO, and others participated in a conspiracy to commit kidnapping. Count One alleges that, as part of that conspiracy, (1) RODRIGUEZ, ANGEL DIAZ, VICTOR DIAZ, and others kidnapped two individuals in Blauvelt, New York on September 13, 2006 and transported them to Clifton, New Jersey; (2) RODRIGUEZ, CEDENO, and others, kidnapped an individual in Allamuchy Township, New Jersey on November 13, 2006 and transported the individual to the Bronx, New York; and (3) RODRIGUEZ, VICTOR DIAZ, CEDENO, and others, kidnapped an individual in Pine Grove, Pennsylvania on November 14, 2006 and transported the individual to Paterson, New Jersey.

7

Count Two charges a substantive count of kidnapping. Specifically, Count Two charges that RODRIGUEZ, ANGEL DIAZ, VICTOR DIAZ, and others, kidnapped, and aided and abetted the kidnapping of, two individuals in Blauvelt, New York, on September 13, 2006, and transported them to Clifton, New Jersey.

Count Three charges another substantive count of kidnapping. Specifically, Count Three charges that RODRIGUEZ, CEDENO, and others, kidnapped, and aided and abetted the kidnapping of, an individual in Allamuchy Township, New Jersey on November 13, 2006 and transported the individual to the Bronx, New York.

Count Four charges RODRIGUEZ, ANGEL DIAZ, VICTOR DIAZ, CEDENO, and others with participating in a conspiracy to rob various trucks at gunpoint, including trucks in Blauvelt, New York, Allamuchy Township, New Jersey, and Pine Grove, Pennsylvania.

Count Five charges a substantive count of robbery. Specifically, Count Five charges that RODRIGUEZ, ANGEL DIAZ, VICTOR DIAZ, and others committed armed robbery, and aided and abetted the armed robbery, of two truck drivers of a truckload of perfume on September 13, 2006 in Blauvelt, New York.

Count Six charges another substantive count of robbery. Specifically, Count Six charges that RODRIGUEZ, CEDENO, and others committed armed robbery, and aided and abetted the armed robbery, of a truck driver of cellular phones in Allamuchy Township, New Jersey and in the Bronx, New York.

Count Seven charges RODRIGUEZ and ANGEL DIAZ with using, carrying, and brandishing firearms, and aiding and abetting the using, carrying, and brandishing of firearms, during and in relation to crimes of violence, namely the kidnappings and armed robberies charged in Counts One, Two, Four, and Five of the Indictment.

Count Eight charges RODRIGUEZ and CEDENO with using, carrying, and brandishing firearms, and aiding and abetting the using, carrying, and brandishing of firearms, during and in relation to crimes of violence, namely the kidnappings and armed robberies charged in Counts Three and Six of the Indictment.

<u>REQUEST NO. 4</u>

<u>Count One: Kidnapping Conspiracy</u>

Count One of the Indictment charges the defendants with conspiracy to commit kidnapping.

I will explain in more detail what a conspiracy is in a moment, but first let me read the Indictment to you.

[The Court is respectfully requested to read Count One.]

<u>Conspiracy</u>

A conspiracy is a kind of criminal partnership -- a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to commit kidnapping, as charged in this Indictment, is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes." Indeed, you may find a defendant guilty of the crime of conspiracy to commit an offense even though the substantive crime that was the object of the conspiracy was not actually committed. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful.

> Adapted from the charge of the Honorable Leonard B. Sand in <u>United States</u> v. <u>Rios</u>, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).
>
> <u>See</u> <u>United States</u> v. <u>Labat</u>, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is

its objective, the offense of conspiracy may
be established even if the collaborators do
not reach their goal.")

<u>REQUEST NO. 5</u>
Count One:
Kidnapping Conspiracy:
<u>Elements of Conspiracy</u>

In order to sustain its burden of proof with respect to the allegation of conspiracy charged in Count One, the Government must prove beyond a reasonable doubt as to the particular defendant you are considering the following three elements:

<u>First</u>, the existence of the conspiracy charged in Count One; that is, an agreement or understanding to commit kidnapping.

The first element then is:  Did the conspiracy alleged in the indictment exist?  Was there such a conspiracy?

<u>Second</u>, the Government must prove beyond a reasonable doubt that the defendant you are considering knowingly became a member of the conspiracy; that is, that he knowingly associated himself and participated in the alleged conspiracy to commit kidnapping.

<u>Third</u>, the Government must prove that any one of the conspirators – not necessarily the defendant you are considering, but any one of the parties involved in the conspiracy – knowingly committed at least one overt act in furtherance of the conspiracy during the life of the conspiracy in the Southern District of New York.  The Southern District of New York encompasses all of Manhattan, the Bronx, Westchester County, Rockland County, Dutchess County, Putnam County, Orange County, and Sullivan County.  Anything that occurs in any of those locations occurs in the Southern District of New York.

Each of these elements must be satisfied beyond a

12

reasonable doubt as to the particular defendant you are considering, and you must consider each defendant separately.

Now let us separately consider the three elements. First, the existence of the conspiracy; second, whether the defendant you are considering knowingly associated himself with and participated in the conspiracy; and third, whether an overt act was committed in furtherance of the conspiracy.

Adapted from the charge of the Honorable
Leonard B. Sand in United States v. Rios, 91
Cr. 914 (LBS) (S.D.N.Y. 1992).

REQUEST NO. 6

Count One:
Kidnapping Conspiracy:
First Element – Existence of the Conspiracy

Starting with the first element, what is a conspiracy? As I mentioned, a conspiracy is a combination, an agreement, or an understanding of two or more persons to accomplish by concerted action a criminal or unlawful purpose.

The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement to violate the law.  The success of the conspiracy, or the actual commission of the criminal act which is the object of the conspiracy, is not an essential element of that crime.

The conspiracy alleged here is therefore the agreement to violate the laws of the United States, and it is an entirely distinct and separate offense from the actual violation of the laws of United States.

Now, to show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details.  Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to the unexpressed understanding.  It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

In order to show that a conspiracy existed, the evidence must show that two or more persons in some way or

14

manner, through any contrivance, explicitly or implicitly – that is, tacitly – came to an understanding to violate the law and to accomplish an unlawful plan.  If you find beyond a reasonable doubt that two or more persons – not necessarily these four defendants specifically, but any two or more of the alleged co-conspirators you have heard about during the trial – came to an understanding, express or implied, to violate the law and to accomplish an unlawful plan, then the Government will have sustained its burden of proof as to this element.

In determining whether there has been an unlawful agreement as alleged, you may consider acts and the conduct of the alleged co-conspirators that were done to carry out the apparent criminal purpose.  The old adage, "actions speak louder than words" applies here.  Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators.  When taken all together and considered as a whole, however, those acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof.

So, you must first determine whether or not the proof established beyond a reasonable doubt the existence of the conspiracy as charged in Count One.  In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator and such inferences as may be reasonably

drawn from them.  It is sufficient to establish the existence of the conspiracy, as I've already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way to accomplish by the means alleged the objective of the conspiracy.

        The Objective of the Conspiracy

        Count One charges that the objective of the conspiracy was to kidnap persons in the course of a robbery, and to transport them or travel in interstate commerce.

        Later, when I explain Counts Two and Three, which are the substantive crimes corresponding to the objective of the conspiracy charged in Count One, I will explain the elements of the kidnapping charge.

        If you find that the conspiracy - if you have found one to exist - had the charged objective, the illegal purpose element will be satisfied.

              Adapted from the charge of the Honorable
              Leonard B. Sand in United States v. Rios, 91
              Cr. 914 (LBS) (S.D.N.Y. 1992).

              See United States v. Rea, 958 F.2d 1206, 1214
              (2d Cir. 1992) ("In order to prove
              conspiracy, the government need not present
              evidence of an explicit agreement; proof of a
              tacit understanding will suffice.  The
              conspirators need not have agreed on the
              details of the conspiracy, so long as they
              have agreed on the essential nature of the
              plan, and their goals need not be congruent,
              so long as they are not at cross-purposes.")
              (citations omitted); United States v.
              Montour, 944 F.2d 1019, 1025 (2d Cir. 1991)
              ("To prove the existence of an agreement, the
              government need not present evidence of a

formal arrangement between the co-
conspirators.  Rather, it is sufficient if
the government can demonstrate that the
defendant acted together with others to
realize a common goal.") (citations omitted).
<u>See</u> <u>also</u> <u>United</u> <u>States</u> v. <u>Rubin</u>, 844 F.2d
979, 983-84 (2d Cir. 1988) (generally
discussing proof of agreement).

17

<u>REQUEST NO. 7</u>

Count One: Kidnapping Conspiracy:
<u>Second Element – Membership in the Conspiracy</u>

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One existed, you must next determine the second question, and that is whether the defendant you are considering participated in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives.

The Government must prove by evidence of each defendant's own actions and conduct beyond a reasonable doubt as to each defendant that he unlawfully, wilfully, and knowingly entered into the conspiracy, into the agreement, with a criminal intent, that is, with a purpose to violate the law, and agreed to take part in the conspiracy to further promote and cooperate in its unlawful objectives.

<u>"Unlawfully," "Wilfully," and "Knowingly" Defined</u>

As to this element, the terms "unlawfully," and "wilfully," and "knowingly" mean that you must be satisfied beyond a reasonable doubt that the defendant you are considering, in joining the conspiracy – if you find that he did join the conspiracy – knew what he was doing; that he took the actions in question deliberately and voluntarily.

An act is done "knowingly" if it is done purposefully and deliberately, and not because of mistake or accident or mere negligence or some other innocent reason.

18

An act is done "wilfully" if it is done voluntarily, intentionally, and with a bad purpose; that is, a purpose to do something that the law forbids.

"Unlawfully" means simply contrary to law. A defendant need not have known that he was breaking any particular law or any particular rule. He need only have been aware of the generally unlawful nature of his acts.

Now, knowledge is a matter of inference from the proven facts. Science has not yet devised a manner of looking into a person's mind and knowing what he is thinking. However, you do have before you the evidence of certain acts and conversations alleged to have taken place with the defendants or in their presence. The Government contends that these acts and conversations show beyond a reasonable doubt knowledge on the part of the defendants of the unlawful purposes of the conspiracy.

The defendants each deny that they were members of a conspiracy. It is for you to determine whether the Government has established to your satisfaction and beyond a reasonable doubt that such knowledge and intent existed on the part of the defendant you are considering.

It is not necessary that a defendant be fully informed as to all the details of the conspiracy in order to justify an inference of knowledge on his part. To have guilty knowledge, a defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants. It is not

even necessary that a defendant know every other member of the conspiracy. In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator. Nor is it necessary that a defendant receive any monetary benefit from his participation in the conspiracy or have a financial stake in the outcome so long as he in fact participated in the conspiracy in the manner I have explained.

The duration and extent of a defendant's participation has no bearing on the issue of a defendant's guilt. He need not have joined the conspiracy at the outset. He may have joined it for any purpose at any time in its progress, and he will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor roles in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

However, I want to caution you that the mere association by one person with another does not make that person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without participation is not sufficient. What is

necessary is that the defendant you are considering have participated in the conspiracy with knowledge of its unlawful purpose and with an intent to aid in the accomplishment of its unlawful objective.

In sum, the defendant you are considering, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering an illegal undertaking. The defendant thereby becomes a knowing and willing participant in the unlawful agreement – that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992), and from Sand, Modern Federal Jury Instructions, Instr. 19-6.
>
> See United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.") (citations omitted). See also United States v. Miranda-Ortiz, 926 F.2d 172, 175-6 (2d Cir. 1991) (generally

21

discussing proof required to show membership
in conspiracy); and United States v.
Maldonado-Rivera, 922 F.2d 934, 960 (2d Cir.
1990) (same).

<u>REQUEST NO. 8</u>

Count One: Kidnapping Conspiracy:
<u>Third Element – Overt Act</u>

The third element is the requirement of an overt act. To sustain its burden of proof, the Government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of the conspiracy by at least one of the co-conspirators – but not necessarily one of these four defendants – in the Southern District of New York.

I instruct you as a matter of law that Manhattan, the Bronx, Westchester County, Rockland County, Dutchess County, Putnam County, Orange County, and Sullivan County each fall within the geographic boundaries of the Southern District of New York.

The purpose of the overt act requirement is clear. There must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy.  The only requirement is that one of the members of the conspiracy – again, either one of these four defendants or any other individual you find to have been a co-conspirator – has taken some step or action in furtherance of the conspiracy in the Southern District of New York during the life of the conspiracy.

Let me put it colloquially.  The overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage.  The requirement of an overt act is a requirement that some action be taken during the life of the

23

conspiracy by one of the co-conspirators to further the conspiracy.

In order for the Government to satisfy the overt act requirement, it is not necessary for the Government to prove any particular overt acts, or even that the particular defendant you are considering committed an overt act. It is sufficient for the Government to show that the defendant you are considering or one of his alleged co-conspirators knowingly committed an overt act in furtherance of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the time or in precisely the place alleged in the indictment. In fact, the overt act need not even be one of the ones alleged in the indictment. It can be any overt act, whether alleged in the Indictment or not, if you are convinced beyond a reasonable doubt that it occurred while the conspiracy was still in existence.

> Adapted from the charge of the Honorable Leonard B. Sand in <u>United States</u> v. <u>Rios</u>, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).

<u>REQUEST NO. 9</u>

Counts Two and Three:
Kidnapping:
<u>Elements of Kidnapping</u>

Counts Two and Three each charge the substantive crime of kidnapping.  Count Two charges RODRIGUEZ, ANGEL DIAZ, and VICTOR DIAZ with engaging in kidnapping on September 13, 2006. Count three charges RODRIGUEZ and CEDENO with engaging in kidnapping on November 13, 2006.  Specifically, Counts Two and Three read as follows:

[The Court is respectfully requested to read Counts Two and Three to the jury.]

In order to sustain its burden of proof with respect to the allegations of kidnapping charged in Counts Two and Three, the Government must prove beyond a reasonable doubt as to the defendant you are considering the following four elements:

<u>First</u>, the Government must prove that the defendant you are considering seized, or confined, or kidnapped, or abducted, or carried away the driver or drivers of the trucks described in the particular count you are considering;

<u>Second</u>, the Government must prove that the defendant you are considering held the driver or drivers of the trucks described in the count you are considering for ransom, reward, or for any other reason;

<u>Third</u>, the Government must prove that the driver or drivers of the trucks described in the count you are considering were transported in interstate or foreign commerce, <u>or</u> that the

25

defendant you are considering traveled in interstate or foreign commerce or used any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the offenses; and

Fourth, the Government must prove that the defendant you are considering acted unlawfully, knowingly, and willfully.

> Now let us separately consider the four elements.
> Adapted from the charge of the Honorable Frederic Block in United States v. Aboushi, 99 Cr. 124 (FB) (E.D.N.Y. 1999); see also Sand, Modern Federal Jury Instructions, Instr. 42-2.

<u>REQUEST NO. 10</u>

Counts Two and Three:
Kidnapping:
<u>First Element - Seize, Confine, or Kidnap</u>

The first element the Government must prove beyond a reasonable doubt as to the defendant you are considering is that the defendant  seized, confined, kidnapped, abducted, or carried away the hostage.

"Kidnap" means to take and carry away a person by force and against his or her will.  "Seize," "confine," "abduct," and "carry away" all mean the physical or bodily taking and carrying away of a person, or the holding or restriction of someone by force or without that person's consent.

Adapted from the charge of the
Honorable Frederic Block in <u>United</u>
<u>States</u> v. <u>Aboushi</u>, 99 Cr. 124 (FB)
(E.D.N.Y. 1999); <u>see also</u> Sand,
<u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>,
Instr. 42-3.

27

<u>REQUEST NO. 11</u>

Counts Two and Three:
Kidnapping:
<u>Second Element - Ransom, Reward, or Otherwise</u>

The second element the Government must prove beyond a reasonable doubt as to each defendant is that the defendant held the driver or drivers of the trucks described in the count you are considering for ransom, reward, or for some other reason.

In order to satisfy this element, the Government need not prove that the reason the defendant you are considering took the driver or drivers of the trucks for reward or pecuniary gain. It is sufficient to satisfy this element if the Government proves that at the time the defendant you are considering kidnapped the driver or drivers, he did so for some purpose, such as to commit the robberies charged in Counts Five and Six, or to derive some benefit, such as to steal the goods contained in each truck.

Adapted from the charge of the Honorable
Frederic Block in <u>United States</u> v. <u>Aboushi</u>,
99 Cr. 124 (FB) (E.D.N.Y. 1999); <u>see</u>
<u>also</u> Sand, <u>Modern Federal Jury Instructions</u>,
Instr. 42-4.

28

REQUEST NO. 12

Counts Two and Three:
Kidnapping:
Third Element - Transportation in Interstate Commerce

The third element the Government must prove beyond a reasonable doubt as to each defendant is that the truck driver or drivers described in the count you are considering were transported in interstate commerce, or that the defendants traveled in interstate commerce or used the mail or any means, facility, or instrumentality of interstate commerce in committing or in furtherance of the commission of the offense.

Interstate commerce simply means movement across a state line.

In order to satisfy this element, the Government need not show that the defendant you are considering actually did the transporting of the truck driver or drivers described in the count you are considering. Nor need the Government show that the defendants knowingly crossed state lines while transporting those drivers. It is sufficient to satisfy this element if the Government proves that the truck drivers were transported or were moved from one state to another and that the defendants caused the interstate transportation to occur.

"Transportation," as I have just used that term, begins when the victim is first moved from the place of his or her abduction and continues through any brief pauses in their travels.

The Government may also satisfy this element by proving

29

beyond a reasonable doubt that the defendant you are considering traveled in interstate or foreign commerce in committing or in furtherance of the commission of the offense or that he used the United States mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense.  The term "means, facility, or instrumentality of interstate or foreign commerce" includes the use of the telephone or the Internet in furtherance of the commission of the offense.

> Adapted from the charge of the Honorable
> Frederic Block in United States v. Aboushi,
> 99 Cr. 124 (FB) (E.D.N.Y. 1999); see
> also Sand, Modern Federal Jury Instructions,
> Instr. 42-5.

REQUEST NO. 13

Counts Two and Three:
Kidnapping:
Fourth Element – "Unlawfully," "Knowingly," and "Willfully"

The final element the Government must prove beyond a reasonable doubt as to each defendant is that the defendant acted unlawfully, knowingly, and willfully.

I have already defined these terms with reference to Count One.  Those same definitions apply with respect to Counts Two and Three.

In order to satisfy this element, the Government must show that the defendant you are considering knew that the driver or drivers of the trucks described in the count you are considering were not accompanying him voluntarily but rather were forced or coerced to come along.

> Adapted from the charge of the Honorable
> Frederic Block in United States v. Aboushi,
> 99 Cr. 124 (FB) (E.D.N.Y. 1999); see
> also Sand, Modern Federal Jury Instructions,
> Instr. 42-5.

REQUEST NO. 14

Counts Two and Three:
Kidnapping:
Aiding And Abetting Liability

The defendants charged in Counts Two and Three can also each be convicted of those counts under a theory of criminal liability known as "aiding and abetting."

Aiding and abetting is its own theory of criminal liability. In effect, it means that a defendant may be convicted of a specified crime if the defendant, while not himself committing the crime, assisted another person or persons in committing the crime.

Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as though he committed the crime himself. In other words, it is not necessary for the Government to show that a defendant physically committed a crime in order for you to find that defendant guilty. If you do not find beyond a reasonable doubt that the defendant you are considering physically committed a crime, you may, under certain circumstances, still find the defendant guilty of the crime as an aider and abettor.

A person who aids and abets another to commit an offense is just as guilty of that offense as if he personally had committed it. You may find a defendant guilty of the substantive crime, therefore, if you find beyond a reasonable doubt that the Government has proven that another person actually committed the

32

crime, and that the defendant aided and abetted that person in the commission of the offense.

As you can see, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person. But if you do find that a crime was committed, then you must consider whether the defendant you are considering aided or abetted the commission of the crime.

To aid and abet another to commit a crime, it is necessary that the defendant you are considering willfully and knowingly associated himself in some way with the crime, and that the defendant willfully and knowingly sought by some act to help make the crime succeed.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by the defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture.

To determine whether the defendant you are considering aided and abetted the commission of the crime with which he is charged, ask yourself these questions:

- Did the defendant participate in the crime charged as something he wished to bring about?

33

–    Did the defendant associate himself with the
     criminal venture knowingly and willfully?

–    Did the defendant seek by his actions to make the
     criminal venture succeed?

     If so then that defendant is an aider and abettor, and
therefore guilty of the offense.  If not, then the defendant is
not an aider and abettor, and is not guilty of the offense.

> Adapted from the charge of Judge Robert L.
> Carter in United States v. Nosov, S3 00 Cr.
> 314 (RLC); the charge of Judge Lawrence M.
> McKenna in United States v. Westley Paloscio,
> 99 Cr. 1199 (LMM); Sand, Modern Federal Jury
> Instructions, Instrs. 11-1, 11-2, and from
> the charge approved in United States v.
> Stanchich, 550 F.2d 1294 (2d Cir. 1977).  See
> 18 U.S.C. § 2; N.Y. Penal Law § 20.00
> (Criminal liability for the conduct of
> another); see also United States v.
> Zichettello, 208 F.3d at 109 (discussing
> requirements of aiding and abetting
> liability); United States v. Labat, 905 F.2d
> 18, 23 (2d Cir. 1990) (same).

REQUEST NO. 15

Count Four:
Robbery Conspiracy

Count Four charges all five of the defendants with conspiracy to violate the federal law against robbery.

[The Court is respectfully requested to read

Count Four to the jury].

Although I previously explained the federal law of conspiracy to you in connection with Count One, I will remind you again that a conspiracy is a kind of criminal partnership – a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.  The crime of conspiracy to violate a federal law is an independent offense.  It is separate and distinct from the actual violation of any specific federal law, which the law refers to as a "substantive crime."

Indeed, you may find a particular defendant guilty of the crime of conspiracy to commit an offense even though the substantive crime that was the object of the conspiracy, that is, the robbery itself, was not actually committed.  Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).

> See United States v. Labat, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.")

35

REQUEST NO. 16

Count Four:
Robbery Conspiracy:
Elements of Conspiracy

To sustain its burden of proof with respect to the robbery conspiracy charged in Count Four, the Government must prove beyond a reasonable doubt each of the following elements as to the defendant you are considering:

First, the Government must prove that the conspiracy charged in Count Four existed.  That is, that there was an agreement or understanding among at least two people – not necessarily the four defendants charged here – to violate the law of the United States that makes it a crime to commit a  robbery that affects interstate or foreign commerce.

Second, the Government must prove that the defendant you are considering knowingly became a member of the conspiracy to commit robbery.

Each of these elements must be satisfied beyond a reasonable doubt as to each defendant, and you must consider each defendant separately.

Note that with respect to Count Four – unlike the conspiracy charged in Count one - you need not find that any overt act occurred.

> Adapted from charge of the Honorable Lewis A. Kaplan in United States v. Jeffrey Otis Redden, 02 Cr. 1141 (S.D.N.Y. July 27, 2004); and from charge of the Honorable Leonard Sand in United States v. Clemente, et al., S 79 Cr. 142 (LBS) (Apr. 28, 1980), aff'd, 640 F.2d 1069 (2d Cir. 1981), pp. 12607-08.

36

Under the Hobbs Act, it is not necessary for
the Government to allege or prove an overt
act. Cf. United States v. Shabani, 513 U.S.
10 (1994) (holding that where a particular
statute, unlike 18 U.S.C. § 371, contains no
explicit overt act requirement, Government
need not prove overt act in furtherance of
conspiracy).

REQUEST NO. 17

Count Four:
Robbery Conspiracy:
First Element – Existence of the Conspiracy

As I mentioned just a few minutes ago, a conspiracy is a combination, an agreement, or an understanding of two or more persons to accomplish by concerted action a criminal or unlawful purpose.  I explained federal conspiracy law in connection with Count One.  You should apply those same instructions in considering Count Four.

Remember, the conspiracy alleged in Count Four is the agreement to commit robbery, and it is an entirely distinct and separate offense from the actual robberies charged in Counts Five and Six.

The Objective of the Conspiracy

Count Four charges that the objective of the conspiracy was to obtain property from others by robbery, thereby affecting interstate commerce, in violation of the federal law against robbery, known as the Hobbs Act.  Robbery is the unlawful taking or obtaining of property from the person or presence of another by means of actual or threatened force, violence or fear of injury.

Later, when I explain Counts Five and Six, which charge substantive counts of robbery, I will explain the elements of a violation of the Hobbs Act.

If you find that the conspiracy - if you have found one to exist - had the objective of robbery, the illegal purpose element will be satisfied.

> Adapted from the charge of the Honorable Leonard B. Sand in <u>United States</u> v. <u>Rios</u>, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).
>
> <u>See</u> <u>United States</u> v. <u>Rea</u>, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice.  The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted); <u>United States</u> v. <u>Montour</u>, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not present evidence of a formal arrangement between the co-conspirators.  Rather, it is sufficient if the government can demonstrate that the defendant acted together with others to realize a common goal.") (citations omitted). <u>See also</u> <u>United States</u> v. <u>Rubin</u>, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

REQUEST NO. 18

Count Four:
Robbery Conspiracy:
Second Element – Membership in the Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count Four existed, you must next determine the second question, and that is whether the defendant you are considering participated in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives.  Again, you should apply my instructions from Count One in considering a defendant's membership in the conspiracy.

REQUEST NO. 19

Counts Five and Six:
Hobbs Act Robbery – Purpose of Statute

Counts Five and Six charge the substantive crime of violating the federal law against robbery, known as the Hobbs Act.  Count Five charges RODRIGUEZ, ANGEL DIAZ, and VICTOR DIAZ with engaging in an armed robbery on September 13, 2006.  Count Six charges RODRIGUEZ and CEDENO with engaging in an armed robbery on November 13, 2006.  Specifically, Counts Five and Six read as follows:

> [The Court is respectfully requested to read Counts Five and Six to the jury.]

> The Hobbs Act provides, in relevant part, as follows:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section [shall be guilty of a crime].

This Act is a law that was passed by Congress to remove barriers from the free flow of commerce.  Its purpose was to use all the constitutional power Congress has to punish interference with interstate commerce by robbery.

It is not necessary for you to remember the name of the Act or its applicable parts.  It is sufficient if you remember the conduct that the Act forbids and the essential elements of the offenses here charged.  Among other things, the Act prohibits the obstruction of commerce by robbery.

41

See United States v. Staszcuk, 517 F.2d 53
(7th Cir.) (en banc), cert. denied, 423 U.S.
837 (1975).

REQUEST NO. 20

Counts Five and Six:
Hobbs Act Robbery:
Elements of the Offense

In order to find a defendant guilty with respect to Count Five or Six, the Government must prove that the defendant you are considering unlawfully, wilfully, and knowingly obtained property from another by robbery, and thereby affected interstate commerce.  Robbery is the unlawful taking or obtaining of property from the person or presence of another by means of actual or threatened force, violence, or fear of injury.  Thus, to find the defendant you are considering guilty of Count Five or Count Six, you must find that the Government proved each of the following elements beyond a reasonable doubt:

First:  That on or about the date charged in the Indictment the defendant you are considering obtained or took or attempted to obtain or take property of another, or from the presence of another;

Second:  That the defendant you are considering took or attempted to take this property against the victim's will by actual or threatened force, violence, or fear of injury, whether immediate or in the future;

Third:  That such actions actually or potentially, in any way or degree, obstructed, delayed, or affected interstate commerce; and

Fourth:  That the defendant you are considering acted unlawfully, wilfully, and knowingly.

43

Adapted from L. Sand, <u>et</u> <u>al</u>., <u>Modern Federal</u>
<u>Jury Instructions</u>, Instruction 50-3 (1995);
<u>McLaughlin</u> v. <u>Anderson</u>, 962 F.2d 187 (2d Cir.
1992).

REQUEST NO. 21

Counts Five and Six:
Hobbs Act Robbery:
First Element – Personal Property

        With respect to the first element – the obtaining of
the "personal property of another" – whether the objects
constitute personal property is a question of law for me to
decide.  It is not a question of fact for you, the jury, to
determine.  I instruct you that the objects each defendant is
charged with taking are personal property.

        It is not necessary that the "personal property" be
taken directly from the owner of the property.


        Adapted from L. Sand, et al., Modern Federal Jury
        Instructions, Instruction 50-4 (1995).

45

REQUEST NO. 22

Counts Five and Six:
Hobbs Act Robbery:
Second Element —
Taking by Actual or Threatened Force, Violence or Fear

The second element of the crime that is charged in
Counts Five and Six of the Indictment is that the defendant you
are considering took the personal property in question against
the victim's will by actual or threatened force, violence, or
fear of injury, whether immediate or in the future.  Those are,
of course, not legitimate means for obtaining property.

It is not necessary that the Government prove that
force, violence, and fear were all used or threatened.  The
Government satisfies its burden if it proves beyond a reasonable
doubt that any of these methods were employed.

In considering whether the defendant you are
considering used, or threatened to use force, violence, or fear,
you should give those words their common and ordinary meaning,
and understand them as you normally would.  The violence does not
have to be directed at the person whose property was taken.  The
use of a threat of force or violence might be aimed at a third
person, or at causing economic rather than physical injury.  A
threat may be made verbally or by a physical gesture.  Whether a
statement or physical gesture by the defendant you are
considering actually was a threat depends upon the surrounding
facts.

Fear exists if at least one victim experiences anxiety,
concern, or worry over expected personal harm or business loss.

46

The existence of fear must be determined by the facts existing at the time of the defendant's actions.

Your decision whether the defendant you are considering used or threatened fear of injury involves a decision about the victim's state of mind at the time of the defendant's actions. It is obviously impossible to ascertain or prove directly a person's subjective feeling. You cannot look into a person's mind to see what his state of mind is or was. But a careful consideration of the circumstances and evidence should enable you to decide whether fear would reasonably have been the victim's state of mind.

Looking at the situation and the action of people involved may help you determine what their state of mind was. You can consider this kind of evidence – which is technically called "circumstantial evidence" – in deciding whether property was or would have been obtained by the defendant you are considering through the use or threat of fear.

> Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instruction 50-5 (1995); see United States v. Clemente, 640 F.2d 1069, 1079 (2d Cir.), cert denied, 454 U.S. 820 (1981).

REQUEST NO. 23

Counts Five and Six:
Hobbs Act Robbery:
Third Element – Interference with Commerce

The third element of the crimes charged in Counts Five and Six requires that commerce within one state that goes through any place outside that state, be affected in some way.  In this connection, I instruct you that the statutory language specifically forbids robbery that "in any way or degree obstructs, delays or affects commerce or the movement of any article or commodity in commerce."  The robbery need only affect commerce in any way or degree, even if the effect is only minimal.

> Adapted from Sand, Modern Federal Jury Instructions, supra, Instruction 50-8; Stirone v. United States, 361 U.S. 212 (1960) (in enacting Hobbs Act, Congress intended to "use all the constitutional power [it] has to punish interference with interstate commerce"); United States v. Jones, 30 F.3d 276, 284-85 (2d Cir.) ("[s]ufficient proof has been presented if the robbery . . . 'in any way or degree' affects commerce, even though the effect is not immediate or direct or significant, but instead is postponed indirect and slight"), cert. denied, 513 U.S. 1028 (1994); United States v. Brown, 959 F.2d 63, 67 (6th Cir. 1992); Jund v. Town of Hempstead, 941 F.2d 1271, 1285 (2d Cir. 1991); United States v. Scacchetti, 668 F.2d 643, 647 (2d Cir.), cert. denied, 457 U.S. 1132 (1982); United States v. Calder, 641 F.2d 76, 78 (2d Cir.), cert. denied, 451 U.S. 912 (1981); United States v. Augello, 451 F.2d 1167, 1170 (2d Cir. 1971), cert. denied, 405 U.S. 1070 (1972); United States v. Tropiano, 418 F.2d 1069, 1076 (2d Cir. 1969), cert. denied, 397 U.S. 1021 (1970).

The statute is not limited to conduct that directly and immediately obstructs the movement of goods, nor is it necessary that commerce actually be affected by a defendant's conduct. It is sufficient if the robbery <u>potentially</u> affects commerce.

> United States v. <u>Daley</u>, 564 F.2d 645, 649 (2d Cir. 1977); <u>United States</u> v. <u>Augello</u>, 451 F.2d 1167, 1170 (2d Cir. 1971), <u>cert</u>. <u>denied</u>, 405 U.S. 1070 (1972).

Furthermore, it is not necessary for you to find that the defendant you are considering intended or anticipated that the effect of his acts would be to affect commerce or that he had a purpose to affect commerce. All that is necessary is that the natural effect of the acts committed was either actually or potentially to affect commerce.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, <u>supra</u>, Instruction 50-11; <u>see</u> <u>United States</u> v. <u>Daley</u>, 564 F.2d 645, 649 (2d Cir. 1977); <u>United States</u> v. <u>Flores</u>, 855 F. Supp. 638, 642-43 (S.D.N.Y. 1994).

Nor do you have to decide whether the effect on commerce was or would have been harmful or beneficial to a particular business, or to commerce in general. The Government satisfies its burden of proving an effect on commerce if it proves beyond a reasonable doubt any effect, whether it was harmful or not.

> Sand, <u>Modern Federal Jury Instructions</u>, <u>supra</u>, Instruction 50-10.

Thus, with respect to Counts Five and Six, if you find beyond a reasonable doubt that the products allegedly stolen in those robberies were produced outside of New York State, or

traveled in interstate or foreign commerce, or that the victims conducted any of their business outside of the state, as a matter of law, commerce was affected, and this element will have been met.

> See United States v. Scaife, 749 F.2d 338, 347 (6th Cir. 1984) (robbery of general store had requisite effect on interstate commerce where general store sold produce and hardware obtained from out of state and some of store's customers were from out of state); United States v. Mazzei, 521 F.2d 639, 642-43 (3d Cir.) ("where the resources of an interstate business are depleted or diminished 'in any manner' by extortionate payment, the consequent impairment of ability to conduct an interstate business is sufficient to bring the extortion within the play of the Hobbs Act"), cert. denied, 423 U.S. 1014 (1975); United States v. Addonizio, 451 F.2d 49, (3d Cir. 1971), cert. denied, 405 U.S. 936 (1972).

Aiding and Abetting Liability

Any defendant you are considering can also be found guilty of Count Five or Count Six if he aided and abetted either or both of the robberies charged in those counts. I already have instructed you about what it means to aid and abet a crime, and you should apply those earlier instructions here.

REQUEST NO. 24

Counts Seven and Eight:
Firearms Offenses under Section 924(c):
The Indictment and The Statute

I now want to turn to the firearms offenses charged in Counts Seven and Eight of the Indictment.

Counts Seven and Eight allege violations of Section 924(c) of the Federal Criminal Code.  That provision makes it a crime for any person, "during and in relation to any crime of violence . . . [to] use[] or carr[y] a firearm," or, "in furtherance of any such crime, [to] possess[] a firearm."

Count Seven is a firearms count connected to the kidnapping and armed robbery alleged to have occurred on September 13, 2006.  Count Seven charges RAFAEL RODRIGUEZ and ANGEL DIAZ as follows:

> [The Court is respectfully requested to read Count Seven.]

You just heard that Count Seven, by its terms, is connected to other counts in the Indictment.  This means that you cannot consider Count Seven with respect to a particular defendant unless you first determine that the defendant is guilty of one or more of those crimes of violence -- specifically at least one of charges contained in Counts One, Two, Four, or Five of the Indictment.

Count Eight is a firearms count connected to the kidnapping and armed robbery alleged to have occurred on November 13, 2006, and it charges RAFAEL RODRIGUEZ and JORGE CEDENO as

51

follows:

> [The Court is respectfully requested to read Count
> Eight.]

You just heard that Count Eight, by its terms, is connected to other counts in the Indictment.  This means that you cannot consider Count Eight with respect to a particular defendant unless you first determine that the defendant is guilty of one or more of those crimes of violence -- specifically the crimes charged in Counts One, Three, Four, or Six of the Indictment.

REQUEST NO. 25

Counts Seven and Eight:
Firearms Offenses under Section 924(c): Elements

To find the defendant you are considering guilty of either of the offenses alleged in Counts Seven and Eight, the Government must prove each of the following elements beyond a reasonable doubt:

First, that on or about the date alleged the Indictment, the defendant you are considering used or carried or possessed a firearm;

Second, that the defendant you are considering used or carried the firearm during and in relation to a crime of violence, or possessed a firearm in furtherance of such crime;

Third, that the defendant you are considering acted knowingly, unlawfully, and willfully.

Aiding and Abetting Liability

Any defendant you are considering can also be found guilty of either Count Seven or Count Eight if you find beyond a reasonable doubt that they aided and abetted the commission of the crime charged in that count.  I already have instructed you about aiding and abetting, and you should apply those previous instructions here.

Adapted from charge of Judge Lewis A. Kaplan
in United States v. Jeffrey Otis Redden, 02
Cr. 1141.

53

REQUEST NO. 26

Counts Seven and Eight:
Firearms Offenses under Section 924(c):
First Element – "Using," "Carrying," or "Possessing"

With respect to Counts Seven and Eight, the first element the Government must prove beyond a reasonable doubt as to the defendant you are considering is that on or about the date set forth in the particular count, the defendant you are considering used, carried, or possessed a firearm.

Firearm

A firearm under the statute means "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." In considering the specific element of whether the defendant you are considering used or carried or possessed a firearm, it does not matter whether the firearm was loaded or operable at the time of the crime. Operability is not relevant to your determination of whether a weapon qualifies as a firearm. I instruct you that a gun is a firearm.

"Use"

In order to prove that the defendant you are considering used the firearm, the Government must prove beyond a reasonable doubt an active employment of the firearm by the defendant during and in relation to the commission of the crime of violence. This does not mean that the defendant must actually fire or attempt to fire the weapon, although those would obviously constitute use of the weapon. Brandishing, displaying,

54

or even referring to the weapon so that others present knew that the defendant had the firearm available if needed all constitute use of the firearm.  The mere possession of a firearm at or near the site of the crime without active employment as I just described it is not, however, sufficient to constitute use of the firearm.

### "Carry"

In order to prove that the defendant you are considering carried the firearm, the Government must prove beyond a reasonable doubt that the defendant had the weapon within his control so that it was available in such a way that it furthered the commission of the crime.  The defendant need not have held the firearm physically, that is have had actual possession of it on his person.  If you find that the defendant had dominion and control over the place where the firearm was located, and had the power and intention to exercise control over the firearm, and that the firearm was immediately available to him in such a way that it furthered the commission of the crime of violence, you may find that the Government has proven that the defendant carried the weapon.

### "Possess"

The legal concept of "possession" may differ from the everyday usage of the term, so let me explain it in some detail. Actual possession is what most of us think of as possession – that is, having physical custody or control of an object, as I possess this pen.  If you find that the defendant you are

considering had the firearm on his person, therefore, you may
find that the defendant had possession of it.  However, a person
need not have actual, physical possession – that is, physical
custody of an object – in order to be in legal possession of it.
If a person has the ability to exercise substantial control over
an object, even if he does not have the object in his physical
custody, and that person has the intent to exercise such control,
then the person is in possession of that article.  This is called
"constructive possession."

Control over an object may be demonstrated by the
existence of a working relationship between one person having the
power or ability to control the item and another person who has
actual physical custody.  The person having control "possesses"
the firearm, because he has an effective working relationship
with the person who has actual physical custody of the firearm,
and because he can direct the movement or transfer or disposition
of the firearm.  In addition, an individual may have possession
of an item that is not found on his person, because that
individual has a relationship to the location where the item is
maintained.  In this manner, for example, a businessperson may
possess things that are scattered throughout a number of stores
or offices or installations around the country.

More than one person can have control over the same
item.  The law recognizes that possession may be sole or joint.
If one person alone has actual or constructive possession of a
thing, possession is sole.  If more than one person has

possession of it, as I have defined possession for you, then possession is joint.  That is what is meant by "possession."

Finally, possession and ownership are not the same.  A person can possess an object and not be the owner of the object.

Now, let me give you some examples of possession.  I have a pen in my hand.  There should be no doubt that I physically possess the pen.

Another example:  Let's say that I brought in some candy today and left it on a table in the main area of my chambers, near my law clerk's desk.  My law clerk knows that he can't eat all of the candy; he'd better leave some for me.  I do not physically possess the candy but I do have control over it.  My law clerk also has control over it.  I can be said to "possess" the candy jointly with my law clerk.

One more example:  Say my father left me a watch when he died, and it is now sitting in a safety deposit box.  My husband and I are the only people who can get into that box.  Do we have possession of the watch?  Absolutely, we have possession of it, even though it's in a safety deposit box. I previously have instructed you on the meaning of "possession," and you should follow those instructions here.   To reiterate, neither actual physical custody nor ownership is required to show that a person possesses an object.

Possession of a firearm in furtherance of a crime of violence or a drug trafficking crime requires that the defendant you are considering possess a firearm and that the possession

57

advance or move forward the crime. The mere presence of a firearm is not enough. Possession in furtherance requires that the possession be incident to and an essential part of the crime. The firearm must have played some part in furthering the crime in order for this element to be satisfied.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 35-80 (1999) and from the charge of the Judge Lewis A. Kaplan in <u>United States</u> v. <u>Jeffrey Otis Redden</u>, 02 Cr. 1141, and from the charge of Judge Denise Cote in <u>United States</u> v. <u>Joel Lopez</u>, 03 Cr. 1102 (DLC).

REQUEST NO. 27

Counts Seven and Eight:
Firearms Offenses under Section 924(c):
Second Element - During and in Relation to a Crime of
Violence or Drug Trafficking Crime

The second element that the Government must prove beyond a reasonable doubt as to the defendant you are considering is that the defendant used or carried a firearm during and in relation to a crime of violence, or possessed a firearm in furtherance of such crimes. Possession in furtherance, as I indicated, requires that the possession be incident to and an essential part of the crime. The firearm must have played some part in furthering the crime in order for this element to be satisfied.

You are instructed that the kidnapping and robbery offenses alleged in the Indictment qualify as crimes of violence under the law.

Adapted from charge of Judge Lewis A. Kaplan in United States v. Jeffrey Otis Redden, 02 Cr. 1141, and the charge of Judge Denise Cote in United States v. Joel Lopez, 03 Cr. 1102 (DLC).

59

<u>REQUEST NO. 28</u>

Counts Seven and Eight:
Firearms Offenses under Section 924(c):
<u>Third Element - "Unlawfully," "Willfully," and "Knowingly"</u>

The final element the Government must prove beyond a reasonable doubt on the firearms counts alleged in Counts Seven and Eight is that the defendant you are considering knew that he was using, carrying, or possessing a firearm and that he acted unlawfully, willfully, and knowingly in doing so.

I previously have defined the terms "unlawfully," "intentionally," and "knowingly," and you should follow those instructions here.

Adapted from charge of Judge Lewis A. Kaplan
in <u>United States</u> v. <u>Jeffrey Otis Redden</u>, 02
Cr. 1141.

<u>REQUEST NO. 29</u>

Counts Seven and Eight:
Firearms Offenses Under Section 924(c):
<u>Brandishing</u>

You heard me mention that Counts Seven and Eight also allege that the defendants charged in these counts brandished firearms. To "brandish" a firearm means to display all or part of the firearm, or to otherwise make the presence of the firearm known to another person, in order to intimidate that person. Whether the firearm was brandished is <u>not</u> an element of the crime charged. Rather, if you find that the Government has proven the elements I described earlier, then you must find the defendant guilty.

<u>See</u> <u>Harris</u> v. <u>United States</u>, 122 S. Ct. 2406
(2002). Adapted from the charge of the
Honorable Leonard B. Sand in <u>United States</u>
v. <u>Rios</u>, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).

REQUEST NO. 30

Guilt of Substantive Offense – *Pinkerton* Liability

[If Applicable]

There is another method by which you may evaluate the possible guilt of the defendant for the substantive crimes of kidnapping and robbery, and for the firearms charges in Counts Two, Three, Five, Six, Seven, and/or Eight of the Indictment, even if you do not find that the Government has satisfied its burden of proof with respect to each element of those counts against a particular defendant.

If, in light of my instructions, you find, beyond a reasonable doubt, that the defendant you are considering was a member of the kidnapping and robbery conspiracies charged in Counts One and Four of the Indictment, then you may also, but are not required to, find him guilty of the corresponding substantive crimes of kidnapping, robbery, and/or firearms possession, as charged in Counts Two, Three, Five, Six, Seven, and Eight, provided that you find that each of the following elements has been proven beyond a reasonable doubt with respect to the particular count you are considering:

First, that the crime charged in the count you are considering - namely, Counts Two, Three, Five, Six, Seven, or Eight - was committed;

Second, that the person or persons you find actually committed the kidnapping, robbery, or firearms offense charged in that count were members of the kidnapping and/or robbery

62

conspiracies charged in Counts One and Four that you found existed;

Third, that the substantive crimes of kidnapping, robbery, and/or firearms possession charged in the count you are considering were committed pursuant to the common plan and understanding you found to exist among the conspirators;

Fourth, that the defendant you are considering was a member of the kidnapping and/or robbery conspiracies charged in Counts One and Four at the time the substantive crimes of kidnapping, robbery, and/or firearms possession you are considering was committed; and

Fifth, that the defendant you are considering could reasonably have foreseen that the substantive crimes of kidnapping, robbery, and/or firearms possession that you are considering might be committed by his co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant you are considering guilty of the substantive crimes of kidnapping, robbery, and/or firearms possession charged the count you are considering, even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of those acts.

The reason for this rule is that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other co-conspirators. Therefore, all of the co-conspirators bear criminal responsibility for the commission

of the substantive crimes.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant you are considering to be guilty of the substantive crimes of kidnapping, robbery, and firearms possession as charged in Counts Two, Three, Five, Six, Seven, and/or Eight under this theory I have just discussed.  Rather, you could only find the defendant you are considering guilty of one or more of those offenses if the Government proves, beyond a reasonable doubt, that the defendant personally committed, or aided and abetted the commission of, the kidnappings, robberies, and firearms offenses charged in Counts Two, Three, Five, Six, Seven, and/or Eight.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 19-13.  A Pinkerton charge, see Pinkerton v. United States, 328 U.S. 640, 645 (1946), "permits a jury to find a defendant guilty on a substantive count without specific evidence that he committed the act charged if it is clear that the offense had been committed, that it had been committed in the furtherance of an unlawful conspiracy, and that the defendant was a member of that conspiracy."  United States v. Miley, 513 F.2d 1191, 1208 (2d Cir.), cert. denied, 423 U.S. 842 (1975), quoted in United States v. Harwood, 998 F.2d 91, 100 (2d Cir.), cert. denied, 510 U.S. 971 (1993).

> Whether to give a Pinkerton charge is in the discretion of the district court.  Although the charge "should not be given as a matter of course," United States v. Sperling, 506 F.2d 1323, 1341 (2d Cir. 1974), cert. denied, 420 U.S. 962 (1975), it is entirely proper where evidence of conspiracy is otherwise sufficient.  See United States v. Harwood, 998 F.2d at 100 (Pinkerton charge proper where evidence of conspiracy was sufficient, and where judge "properly instructed jury to consider the substantive count only after it

first found that a conspiracy existed between
the defendant").

REQUEST NO. 31

Conscious Avoidance

In your consideration of whether each defendant acted knowingly with respect to the objectives of the conspiracies charged in either Count One or Count Four of the Indictment, you may consider whether the defendant you are considering deliberately closed his eyes to what otherwise would have been obvious to him.  If you find beyond a reasonable doubt that the defendant acted with a conscious purpose to avoid learning the truth, then the requirement that he have acted knowingly may be satisfied.  However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish, or mistaken.

One may not willfully and intentionally remain ignorant of a fact material and important to his conduct to escape the consequences of the criminal law.  If you find beyond a reasonable doubt that the defendant you are considering intentionally participated in the conspiracy, but that the defendant deliberately and consciously avoided confirming certain facts about the specific objectives of the conspiracy, then such "conscious avoidance" may support a finding that the Government has proven that defendant's knowledge of the objectives or goals of the conspiracy.

Keep in mind that you cannot rely on conscious avoidance to support a finding that the defendant you are considering intentionally joined the conspiracy.  Conscious

66

avoidance may apply only to a defendant's knowledge of the specific objectives of the conspiracy, not to whether that defendant joined the conspiracy in the first place. It is logically impossible for a defendant to intend and agree to join a conspiracy if he does not actually know that it exists.

If you find that the defendant you are considering was aware of a high probability that a fact was so, and that the defendant acted with deliberate disregard of the facts, you may find that the defendant acted knowingly. However, if you find that a defendant actually believed the fact was not so, then he may not have acted knowingly with respect to whatever charge you are considering.

> Adapted from the charge of Hon. Harold Baer, Jr., in <u>United States v. Lopez</u>, 97 Cr. 1191 (HB) (S.D.N.Y. 1998), and 1 Leonard B. Sand et al., <u>Modern Federal Jury Instructions</u> ¶ 3A.01, Inst. 3A-2. "A conscious avoidance charge is appropriate when the defendant claims a lack of knowledge of the relevant acts, but the surrounding circumstances would permit a reasonable juror to conclude that the defendant should have known about them." <u>United States v. Brito</u>, 907 F.2d 392, 396 (2d Cir. 1990). <u>See</u> <u>United States v. Eltayib</u>, 88 F.3d 157 (2d Cir. 1996) (conscious avoidance may support finding with respect to defendant's knowledge of the objectives or goals of a conspiracy); <u>United States v. Rodriquez</u>, 983 F.2d 455 (2d Cir. 1993) ("[T]he charge is warranted only if the evidence is such that a rational juror may reach that conclusion beyond a reasonable doubt.").

REQUEST NO. 32

Variance in Dates

As we have proceeded through the Indictment, you have noticed that it refers to various dates.  I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month.  The law requires only a substantial similarity between the dates and months alleged in the Indictment and the dates and months established by the evidence.

Adapted from the charge of Judge Barbara Jones, in United States v. Larry Williams, 02 Cr. 1372 (BSJ).

REQUEST NO. 33

Stipulations

[If applicable]

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.

> Adapted from the charge of Judge Gerard E. Lynch in United States v. Tony Roberts, 02 Cr. 710 (GEL), and from Judge Michael B. Mukasey in United States v. Miguel Alejandro Urena-Fana, S1 98 Cr. 1317 (MBM).

REQUEST NO. 34

Defendant's Testimony

[If any defendant testifies]

[Defendant's name(s)] has testified in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  You should evaluate the defendant's testimony as you would the testimony of any other witness with an interest in the outcome of the case.

See United States v. Gaines, 457 F.3d 238, 244-50 (2d Cir. 2006).

REQUEST NO. 35

Defendant's Right not to Testify

[If requested by the defense]

The defendants [or name[s] of particular defendant[s]] did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that any defendant did not testify.  No adverse inference against a defendant may be drawn by you because he did not take the witness stand.  You may not consider this against a defendant in any way in your deliberations in the jury room.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-21, and from the charge of Judge Gerard E. Lynch in United States v. Edwin Diaz, 99 Cr. 1193 (GEL).

71

REQUEST NO. 36

Particular Investigative Techniques Not Required

You have heard reference, in the arguments and cross-examination of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial. Law enforcement techniques are not your concern. Your concern is to determine whether, on the evidence or lack of evidence, the guilt of the defendant on the charge you are considering has been proven beyond a reasonable doubt.

Adapted from the charge of Judge Gerard E. Lynch in United States v. Tony Roberts, 02 Cr. 710 (GEL).

<u>REQUEST NO. 37</u>

<u>Uncalled Witnesses – Equally Available to Both Sides</u>

[If applicable]

There are people whose names you heard during the course of the trial but did not appear to testify.  One or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 6-7.

REQUEST NO. 38

Expert Testimony

[If applicable]

You have heard testimony from what we call expert witnesses.  Expert witnesses are witnesses who, by education or experience, have acquired learning in a science or a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be experts and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education, experience, or data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt his conclusions,

you would be justified in placing great reliance on the expert's testimony.

> Adapted from the charges of Judge Gerard E. Lynch in <u>United States</u> v. <u>Frank Summa</u>, 02 Cr. 101 (GEL), and from Judge John F. Keenan in <u>United States</u> v. <u>David Rosario</u>, 96 Cr. 126 (JFK); and from Judge Michael B. Mukasey in <u>United States</u> v. <u>Mensah</u>, 91 Cr. 705 (MBM) (S.D.N.Y. 1991).

REQUEST NO. 39

Accomplice Testimony

You have heard several witnesses who testified that they were actually involved in the crimes charged in the Indictment.  There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and about whether you should believe them.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit participating in the alleged crimes at issue.  The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

You may properly consider the testimony of such accomplices.  If accomplices could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

Indeed, it is the law in federal courts that the testimony of a single accomplice witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

However, because of the possible interest an accomplice may have in testifying, an accomplice's testimony should be scrutinized with special care.  The fact that a witness is an accomplice can be considered by you as bearing upon his credibility.  It does not follow, however, that simply because a

person has admitted participating in one or more crimes, that he
is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, accomplice
witness testimony should be given such weight as it deserves in
light of the facts and circumstances before you, taking into
account the witness's demeanor and candor, the strength and
accuracy of his recollection, his background, and the extent to
which the testimony is or is not corroborated by other evidence
in the case.

You may consider whether an accomplice witness – like
any other witness called in this case – has an interest in the
outcome of the case, and if so, whether it has affected his
testimony.

You heard testimony about various agreements between
the Government and the witnesses.  I caution you that it is no
concern of yours why the Government made an agreement with a
witness.  Your sole concern is whether a witness has given
truthful testimony here in this courtroom before you.

In evaluating the testimony of accomplice witnesses,
you should ask yourselves whether these accomplices would benefit
more by lying, or by telling the truth.  Was their testimony made
up in any way because they believed or hoped that they would
somehow receive favorable treatment by testifying falsely?  Or
did they believe that their interests would be best served by
testifying truthfully?  If you believe that the witness was
motivated by hopes of personal gain, was the motivation one that

would cause him to lie, or was it one that would cause him to tell the truth?  Did this motivation color his testimony?

If you find that the testimony was false, you should reject it.  However, if, after a cautious and careful examination of an accomplice witness's testimony and demeanor on the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or you may disregard all of it.  That is a determination entirely for you.

> Adapted from the charge of Judge Gerard E. Lynch in <u>United States</u> v. <u>Michael Jones</u>, 02 Cr. 674 (GEL). <u>See</u> <u>also</u> Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 7-5.

REQUEST NO. 40

Accomplice Testimony – Guilty Plea

You have heard testimony from Government witnesses who have pleaded guilty to charges arising out of the same facts that are at issue in this case.  You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that one or more prosecution witnesses pleaded guilty to similar charges.  The decision of those witnesses to plead guilty was a personal decision those witnesses made about their own guilt.  It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-110.  See United States v. Ramirez, 973 F.2d 102, 104-06 (2d Cir. 1992) (specifically approving charge and holding that it is reversible error not to give charge if requested, unless there is no significant prejudice to defendant).

79

REQUEST NO. 41

Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultations.

Again, the weight you give to the fact or the nature of the witness's preparation for his testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of Judge Gerard E. Lynch in United States v. Tony Roberts, 02 Cr. 710 (GEL).

REQUEST NO. 42

Use of Evidence Obtained Pursuant to Searches

You have heard testimony about evidence seized in various searches, including the search of a silver BMW on January 3, 2007.

Evidence obtained from those searches was properly admitted in this case, and may be properly considered by you. Indeed, such searches are entirely appropriate law enforcement actions. Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.

> Adapted from the charge of Judge Lewis A. Kaplan in United States v. Otis Parkes, 03 Cr. 1364 (LAK).

REQUEST NO. 43

Law Enforcement Witnesses

You have heard the testimony of law enforcement witnesses.  The fact that a witness may be employed as a law enforcement official or employee does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 7-16, and from the
> charge of Judge Gerard E. Lynch in United
> States v. Keith Robinson, 02 Cr. 1283 (GEL).

REQUEST NO. 44

Redaction of Indictment and Evidentiary Items

The Indictment in this case has been redacted. Additionally, we have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document was taken out. You are to concern yourself only with the part of the item that has not been redacted. You should not consider any possible reason why the other part of it has been deleted.

83

REQUEST NO. 45

Use of Charts and Tables

Some of the exhibits at the trial were charts. These charts were introduced basically as summaries. They are not direct evidence really. They are summaries of the evidence. They are a visual representation of information or data as set forth either in the testimony of a witness or in a stipulation or in some documents. They are admitted as aids to you. They are not in and of themselves any evidence. They are intended to be of assistance to you in your deliberations.

In presenting the evidence that you have heard, it is often easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you. It is up to you to decide whether those charts fairly and correctly present the information in the testimony and the documents. The charts are not to be considered by you as direct proof of anything. They are merely graphic demonstrations of what the underlying testimony and documents are.

To the extent that the charts conform with what you determine the underlying evidence to be, you may accept them. But one way or the other, realize that the charts are not in and of themselves direct evidence. They are merely visual aids. They are nothing more.

From the charge of Judge Gerard E. Lynch in
United States v. Frank Summa, 02 Cr. 101
(GEL).

REQUEST NO. 46

Character Witnesses

[If any defendant calls character witnesses]

During the trial, you heard testimony bearing on the defendant's[s'] character.  Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant.  Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed. But if, on considering all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant merely because you believe he is a person of good repute.

> Adapted from United States v. Fayette, 388 F.2d 728, 737 (2d Cir. 1968).  See United States v. Kelly, 349 F.2d 720, 765 (2d Cir.) cert. denied, 384 U.S. 947 (1966); United States v. Kabot, 295 F.2d 848, 855 n.1 (2d Cir. 1961).

The testimony of a character witness is not to be taken by you as the witness's opinion as to the guilt or innocence of the defendant.  The guilt or innocence of the defendant is for you alone to determine and that should be based on all the evidence you have heard in the case.

> Adapted from the charge of Judge Robert J. Ward in United States v. Thweatt, 77 Cr. 553 (S.D.N.Y. Oct. 17, 1977).

85

REQUEST NO. 47

Similar Acts

[If Applicable]

You have heard evidence that on occasions before, during, and after the crimes charged in the Indictment, certain defendants engaged in conduct similar in nature to the conduct charged in the Indictment.  Let me remind you that each defendant only is on trial for committing the acts alleged in the Indictment.  Accordingly, you may not consider this evidence of similar acts as a substitute for proof that the defendant committed the crime charged.  Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.  This evidence was admitted for a more limited purpose, and you may consider it for that purpose only.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or other reasons.

Additionally, if you find that the defendant engaged in similar acts with other persons alleged to be members of the conspiracy charged in the Indictment, you may consider those acts in deciding whether the conspiracy existed.  If you find that the defendant engaged in the earlier acts, and if you find that the earlier acts had sufficiently similar characteristics to those

86

charged in the Indictment, then you may, but you need not, infer that the acts charged in this Indictment and the earlier conduct were part of a common plan or scheme committed by the defendant.

Nevertheless, the evidence of similar conduct is to be considered by you only on the issues I have just mentioned, and not on any other issues. You may not consider such evidence for any other purpose. Specifically, you may not consider it as evidence that any defendant is of bad character or has a propensity to commit crime.

Adapted from Leonard B. Sand et al., Modern Federal Jury Instructions, Instr. 5-25, 5-26.

REQUEST NO. 48

Persons not on Trial

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now.  Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

Adapted from the charge of Judge Lewis A. Kaplan in United States v. Otis Parkes, 03 Cr. 1364 (LAK).

REQUEST NO. 49

Venue

In addition to all of the elements I have described for you on each of the counts, you must decide whether any act in furtherance of the crime charged in each count occurred within the Southern District of New York. I instruct you that the Southern District of New York encompasses all of Manhattan, the Bronx, Westchester County, Rockland County, Dutchess County, Putnam County, Orange County, and Sullivan County.

I note that on the issue of venue and on this issue alone, the Government need not offer proof beyond a reasonable doubt, and that it is sufficient if the Government proves venue by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime you are considering occurred within the Southern District of New York.

Adapted from the charge of Judge Gerard E.
Lynch in United States v. Tony Roberts, 02
Cr. 710 (GEL).

89

<u>REQUEST NO. 50</u>

<u>Punishment</u>

Finally, please also be aware that the question of a possible punishment should not in any way enter into or influence your deliberations.  The <u>only</u> issue before you is whether or not the Government has established the guilt of the defendant you are considering on whichever charge you are considering.  The question of punishment is irrelevant to that issue, and should not be a part of your deliberations at all at this time.  Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon a defendant, if he is convicted, to influence your verdict in any way, or in any sense to enter into your deliberations.  If you were to let bias or prejudice or fear or sympathy or any other irrelevant consideration interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict, so do not be guided by anything except clear thinking and calm analysis of the evidence.

Adapted from Leonard B. Sand <u>et</u> <u>al</u>., <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 9-1; charge of Judge Jed S. Rakoff in <u>United States</u> v. <u>Alan Quinones</u>, S3 00 Cr. 761 (JSR).

REQUEST NO. 51

Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of each defendant with respect to each count of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view toward reaching an agreement. Each of you must decide the case for himself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without prejudice or favor for any party, and adopt the conclusions which in your good conscious appear to be in accordance with the truth. Again, your verdict must be unanimous. But you are not bound to surrender your honest conviction as to the weight or effect of evidence, solely because

91

of the opinion of your fellow jurors.  No juror should surrender conscious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open court.

In conclusion, Ladies and Gentlemen, I am sure that, if you listen to the views of your fellow jurors and apply your own common sense, you will reach a fair verdict.

> Adapted from the charge of Judge Gerard E. Lynch in <u>United States</u> v. <u>Desmond Shaw</u>, 03 Cr. 1210 (GEL).

Dated:    New York, New York
          May 27, 2008

                    Respectfully submitted,

                    MICHAEL J. GARCIA

                    United States Attorney
                    Southern District of New York

      By:       ____/s/_____
                Nola B. Heller
                Michael A. Levy
                Assistant United States Attorneys
                (212) 637-2631/2346